IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SHAUNA CONNORS, individually and on behalf of a class of similarly situated persons,<br><br>    Plaintiff,<br><br>v.<br><br>PROGRESSIVE UNIVERSAL INSURANCE COMPANY,<br><br>    Defendant. | Case No. __1:20-cv-7342_____<br><br>[Removed from the Circuit Court of the Nineteenth Judicial Circuit, Lake County, Case No. 20CH00000584] |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332(d)(2), 1441, 1446, and 1453, Defendant Progressive Universal Insurance Company ("Progressive Universal") hereby removes the above-captioned action from the Circuit Court of the Nineteenth Judicial Circuit, Lake County, where it is now pending, to the United States District Court for the Northern District of Illinois, stating as follows:

**I.    THE REMOVED ACTION AND PLAINTIFF'S ALLEGATIONS**

1.    This putative class action arises from Progressive Universal's alleged breach of its insurance policies by failing to pay its insureds for sales tax and mandatory title and transfer fees in connection with the adjustment of total loss claims.

2.    On October 13, 2020, Plaintiff Shauna Connors commenced this action against Progressive Universal in the Circuit Court for the Nineteenth Judicial Circuit, Lake County,

1

Illinois, bearing Case No. 20CH00000584 (the "State Court Action").[1]

3. In her Class Action Complaint ("Compl."), Plaintiff asserts claims against Progressive Universal for (i) breach of contract; and (ii) unjust enrichment. (Compl. ¶¶ 87, 101, 104.)

4. Plaintiff alleges that taxes and transfer fees are a part of the "actual cash value" of an insured's total loss vehicle and that Progressive Universal is obligated to pay them under its policies and applicable state law and failed to do so. (*Id.* at ¶¶ 12, 22.)

5. Plaintiff seeks to bring this action on behalf of herself and a class defined as follows:

> All persons in Illinois who insured a vehicle for physical damage coverage under an automobile insurance policy issued by Progressive Universal Insurance Company who suffered a total loss of a covered vehicle at any time during the applicable period of limitations prior to the filing of this lawsuit, who were not paid the full amount of the title and transfer fees and applicable sales taxes as part of their total loss claim.

(*Id.* at ¶ 82.)

6. Plaintiff contends that Progressive Universal "systematically underpaid its insureds—including Plaintiff and the other Class members—who have suffered the total loss of their vehicles, by failing to pay the full amount of applicable sales taxes and transfer and title fees, despite being legally obligated to pay such costs." (*Id.* at ¶ 26.)

7. Specifically, Plaintiff argues that she is entitled to sales tax in the amount of 7% of the ACV of the totaled vehicle, and $221.00 in applicable title and transfer fees. (*Id.* at ¶¶ 78-79.)

---

[1] This case is a refiling of *Shauna Connors v. Progressive Universal Insurance Co.*, No. 1:20-cv-05348 ("*Connors I*"), which was voluntarily dismissed without prejudice after removal on October 13, 2020. (*Connors* I, Doc. 10.)

## II. REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION UNDER THE CLASS ACTION FAIRNESS ACT

8. CAFA grants federal courts jurisdiction over qualifying class actions in which there is minimal diversity, the aggregate amount in controversy exceeds $5,000,000, and there are 100 or more class members. *See* 28 U.S.C. §§ 1332(d)(2)(A), 1332(d)(6), 1332(d)(5)(B). As set forth below, all of those requirements are met. Thus, this Court has subject matter jurisdiction over this action under 28 U.S.C. § 1332(d), making removal possible.

### A. The aggregate number of proposed class members exceeds 100.

9. CAFA requires that the proposed class consist of at least 100 persons. 28 U.S.C. § 1332(d)(5).

10. Progressive Universal is entitled to rely on the estimate of the class number set forth in Plaintiff's Complaint. *See Roppo v. Travelers Comm. Ins. Co.*, 869 F.3d 568, 581–82 (7th Cir. 2017).

11. In her Complaint, Plaintiff alleges that she "is informed and believes that the Class consists of more than forty (40) and likely several thousand persons . . ." (Compl. ¶ 84.)

12. As such, it is facially apparent from the allegations in Plaintiff's Complaint that the proposed class consists of more than 100 members. *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 84–85 (2014).

13. Further, Progressive Universal has processed approximately 34,160 claims in Illinois during the 10-year limitations period.

14. Because Plaintiff's proposed class definition would include approximately 34,160 policyholders, the proposed class clearly exceeds 100 members.

**B.    Minimal diversity of citizenship exists.**

15.    The second CAFA requirement is minimal diversity – at least one putative class member must be a citizen of a different state than at least one defendant. 28 U.S.C. § 1332(d).

16.    Plaintiff alleges she is a citizen of Illinois. (Compl. ¶ 30.)

17.    Plaintiff alleges that Progressive Universal is a Wisconsin corporation with its "home office" in Wisconsin. (*Id.* at ¶ 31.) Progressive Universal's principal place of business is in fact located in Mayfield Village, Ohio. Thus, for purposes of determining its citizenship under 28 U.S.C. § 1332(c)(1), Progressive Universal is a citizen of both Wisconsin and Ohio.

18.    Accordingly, there is at least minimal diversity of citizenship under 28 U.S.C. § 1332(d)(2)(A).

**C.    The amount in controversy requirement is satisfied.**

19.    The third CAFA requirement is that the amount in controversy must exceed $5,000,000 for the entire putative class, exclusive of interest and costs. 28 U.S.C. § 1332(d)(2). To determine the amount in controversy under CAFA, "the claims of the individual class members shall be aggregated to determine whether the amount in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(6).

20.    Pursuant to 28 U.S.C. § 1446, "a defendant's notice of removal need only include a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. *Dart*, 574 U.S. at 81. Progressive Universal, therefore, "does not need to prove to a legal certainty that the amount in controversy has been met." *Id.* A defendant is only required to submit evidence establishing the amount in controversy "when the plaintiff contests, or the court questions, the defendant's allegation." *Id.* at 89. "When a plaintiff does not tie its own hands, the defendant is entitled to present a good-faith estimate of the stakes. If that estimate exceeds the jurisdictional

4

minimum, it controls and allows removal unless recovery exceeding the jurisdictional minimum would be legally impossible." *Back Doctors Ltd. v. Metro. Prop. & Cas. Ins. Co.*, 637 F.3d 827, 831 (7th Cir. 2011). In other words, "[o]nce the proponent of federal jurisdiction has explained plausibly how the stakes exceed $5,000,000 . . . the case belongs in federal court unless it is legally impossible for the plaintiff to recover that much." *Blomberg v. Serv. Corp. Int'l*, 639 F.3d 761, 764 (7th Cir. 2011) (citations omitted).

21. Here, Plaintiff alleges that she "and each of the other Class members have been damaged, and are entitled to sums representing the benefits owed for title and transfer fees and applicable taxes . . ." (Compl. ¶ 98.)

22. Because the Plaintiff contends that Progressive Universal "systematically underpaid its insureds" transfer and title fees – which she claims total $221.00 – and Progressive Universal has identified 34,160 total loss claims in Illinois during the 10-year limitations period, it is plausible to estimate that the damages claimed by Plaintiff on behalf of the class exceed $5,000,000.00[2] without even including the allegedly underpaid sales tax.

23. Accordingly, the amount in controversy requirement is met by an estimate of allegedly underpaid transfer and title fees alone, without even estimating the allegedly underpaid sales tax amounts for each claim.

---

[2] Using Plaintiff's class definition and allegations, if Progressive Universal "systematically underpaid" 34,160 policyholders in Illinois who were purportedly entitled to $221.00 in title and transfer fees, this amount alone would be more than $7.5 million.

### III. PROGRESSIVE UNIVERSAL HAS SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL

24. Progressive Universal received a copy of Plaintiff's Complaint and Summons and executed a Waiver of Service on November 13, 2020. Accordingly, this Notice of Removal is timely filed under 28 U.S.C. § 1446(b).

25. The Circuit Court of the Nineteenth Judicial Circuit, Lake County is located within the Northern District of Illinois, Eastern Division. Therefore, venue is proper in this Court because it is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

26. Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of all process, pleadings, and orders served upon Progressive Universal is attached as Exhibit 1.

27. Immediately following the filing of this Notice of Removal, written notice of this Notice of Removal will be delivered to counsel for Plaintiff as required by 28 U.S.C. § 1446(d).

28. Pursuant to 28 U.S.C. § 1446(d), Progressive Universal will promptly file a copy of this Notice of Removal with the Clerk of the Circuit Court of the Nineteenth Judicial Circuit, Lake County, Illinois.

WHEREFORE, Progressive Universal hereby gives notice that the above-captioned action is removed to this Court from the Circuit Court of the Nineteenth Judicial Circuit, Lake County, Illinois, and prays this action proceed as a case properly removed with no further proceedings in the State Court Action.

Dated: December 11, 2020                    Respectfully submitted,

                                            */s/ Christopher T. Gardino*
                                            Christopher T. Gardino – ARDC #6296552
                                            **TUCKER ELLIS LLP**
                                            233 South Wacker Drive, Suite 6950
                                            Chicago, Illinois 60606

Tel: 312.624.6300
Fax: 312.624.6321
christopher.gardino@tuckerellis.com

Karl A. Bekeny (pro hac vice forthcoming)
Jennifer L. Mesko (ARDC #0087897)
Courtney E.S. Mendelsohn (ARDC #6300871)
**TUCKER ELLIS LLP**
950 Main Avenue, Suite 1100
Cleveland, OH 44113-7213
Tel: 216.592.5000
Fax: 216.592-5009
karl.bekeny@tuckerellis.com
jennifer.mesko@tuckerellis.com
courtney.mendelsohn@tuckerellis.com

*Attorneys for Defendant Progressive Universal Insurance Company*

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 11, 2020, a copy of the within and foregoing Notice of Removal was filed via CM/ECF and electronic notice of same will be served upon Plaintiff's counsel of record, addressed as follows:

Jeffrey A. Berman
Patrick J. Solberg
ANDERSON + WANCA
3701 Algonquin Road, Suite 500
Rolling Meadows, Illinois 60008
jberman@andersonwanca.com
psolberg@andersonwanca.com

*s/ Christopher T. Gardino*

*Attorney for Defendant Progressive Universal Insurance Company*

8

4832755.1