UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SHAUNA CONNORS, <br><br> Plaintiff, <br><br> v. <br><br> PROGRESSIVE UNIVERSAL INSURANCE COMPANY, <br><br> Defendant. | No. 20 CV 7342 <br><br> Judge Manish S. Shah |

## MEMORANDUM OPINION AND ORDER

After Shauna Connors's car was totaled, she bought another car to replace it. Connors's insurer, Progressive Universal Insurance Company, issued her a payment for the sales taxes and title and transfer fees associated with the purchase. Connors says that payment was about $75 short of what she was owed under her insurance contract. She filed this suit seeking to represent a class of similarly underpaid policyholders, bringing breach-of-contract and unjust-enrichment claims against Progressive. Progressive moved for judgment on the pleadings. I granted the motion and dismissed the unjust-enrichment claim with prejudice. I also dismissed the breach-of-contract claim because, in relevant part, Connors failed to allege that she had timely submitted to Progressive appropriate documentation substantiating the sales taxes and title and transfer fees she had paid (a prerequisite under the applicable provision). I granted Connors leave to amend to add allegations showing that she had properly substantiated her costs. Progressive now moves to dismiss the amended complaint under Rule 12(b)(6). The motion is granted.

I.   **Legal Standards**

A complaint must contain a short and plain statement that suggests a plausible right to relief. Fed. R. Civ. P. 8(a)(2); *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). To survive a Rule 12(b)(6) motion, a plaintiff must allege facts that "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). I accept as true all factual allegations and draw all reasonable inferences in Connors's favor, but I disregard legal conclusions or "threadbare recitals" supported by only "conclusory statements." *Iqbal*, 556 U.S. at 678.

II.  **Background**

Connors had an auto-insurance policy with Progressive that covered losses caused by collisions. [26] ¶¶ 2, 5, 40.[1] Under the policy, Progressive would pay up to the lowest of the actual cash value of the car, the amount necessary to replace it, the amount necessary to repair it, or an alternative amount specified on the declarations page. *Id.* ¶ 48. The policy provided that Progressive would either pay for the loss in money, or by repairing or replacing the damaged vehicle. *Id.* ¶ 50.

On July 30, 2018, Connors suffered a total loss of a covered vehicle and submitted a claim to Progressive. *Id.* ¶¶ 30, 64. About a week later, Progressive informed Connors that it had determined that the vehicle was a total loss with a settlement value (actual cash value minus deductible) of $6,308.43. *Id.* ¶ 65. Progressive paid Connors's lienholder the settlement value on August 21. *Id.* ¶ 78.

---

[1] Bracketed numbers refer to entries on the district court docket. Referenced page numbers are taken from the CM/ECF header placed at the top of filings. Facts are taken from the amended complaint, [26].

On August 10, Connors purchased a replacement vehicle, paying sales taxes totaling $536.57, and license, title, and transfer fees in the amount of $221. *Id.* ¶ 69. She promptly informed Progressive of the purchase over the phone, providing a representative with "full and complete information about the purchase transaction, including the details of the vehicle and amounts paid for the purchase, including the selling price, taxes and fees." *Id.* ¶¶ 70, 72. Connors and the representative "spoke at length about the fact that [Progressive] would reimburse [her] for the sales taxes and fees she incurred for title, registration and license plates for the replacement vehicle." *Id.* ¶ 72. Connors read from the purchase documents as she told the representative the specific amounts she had paid for the replacement vehicle, the sales taxes on the purchase, and the title, registration and license plates fees. *Id.* Connors told the representative that the figures came directly from the purchase documents; the representative accepted the information as sufficient, said Progressive would reimburse Connors for the taxes and fees had paid, and did not tell Connors that Progressive needed anything else from her. *Id.* ¶¶ 70, 72.

Progressive received all of this information by August 13, 2018, and changed Connors's policy to reflect the purchase that same day. *Id.* ¶¶ 70–71. Connors and the same representative spoke three other times that week; each time the representative confirmed that Progressive would reimburse Connors for the taxes and fees. *Id.* ¶ 73. Progressive later requested a copy of the purchase contract, and Connors promptly emailed Progressive a copy of the purchase contract for her replacement vehicle, and a related state sales tax form. *Id.* ¶ 74. On November 6, Progressive issued a check to

Connors's lienholder for $621.55 ($196 for title and transfer fees plus $425.55 for sales tax). *Id.* ¶¶ 76, 78. Connors alleges this figure underestimated her sales tax and title and transfer fees: Progressive assessed sales tax at 6.25%, instead of 7%, the rate at the time Connors replaced her car. *Id.* ¶¶ 82–83. Connors alleges that Progressive underpaid her sales tax by $51.04 and her title and transfer fees by $25, shorting her by $76.04 in total. *Id.* ¶¶ 87–89.

Connors brought a putative class action against Progressive, alleging breach of contract and unjust enrichment. Progressive moved for judgment on the pleadings; I granted the motion and dismissed the unjust-enrichment claim with prejudice. *See* [24].[2] I dismissed the contract claim without prejudice. Connors alleged that Progressive failed to pay her the full amount of sales taxes and title and transfer fees she had paid for the replacement vehicle, as required under Illinois insurance regulations incorporated into her insurance contract. But Connors failed to allege that she timely provided Progressive with appropriate documentation substantiating the amounts that she paid, a precondition to trigger the requirement. I granted Connors leave to amend her contract claim to fix the issue. Connors amended her complaint, and Progressive now moves to dismiss.[3]

---

[2] The amended complaint brings a claim for unjust enrichment, [26] ¶¶ 108–117, but Connors cannot revive a claim that I've already dismissed with prejudice. *See* [24] at 7–8.

[3] The court has jurisdiction under the Class Action Fairness Act, 28 U.S.C. § 1332(d). *See* [24] at 3 n.2.

**III. Analysis**

To state a claim for breach of contract, a plaintiff must allege (1) the existence of a valid and enforceable contract; (2) substantial performance by the plaintiff; (3) a breach by the defendant; and (4) damages. *Doe v. Columbia Coll. Chi.*, 933 F.3d 849, 858 (7th Cir. 2019). Only breach is at issue. A court's goal in interpreting an insurance contract is to "ascertain and give effect to the intention of the parties, as expressed in the policy language." *Scottsdale Ins. Co. v. Columbia Ins. Grp.*, 972 F.3d 915, 919 (7th Cir. 2020) (quoting *Hobbs v. Hartford Ins. Co.*, 214 Ill.2d 11, 17 (2005)); *see also W. Bend Mut. Ins. Co. v. Krishna Schaumburg Tan, Inc.*, 2021 IL 125978, ¶ 32.

In Illinois, state insurance regulations are automatically incorporated into insurance contracts as default terms. *Sigler v. GEICO Cas. Co.*, 967 F.3d 658, 661 (7th Cir. 2020). The Illinois Administrative Code provides that, in the event of a total loss, an auto insurer may either replace the insured car or pay a cash settlement. 50 Ill. Admin. Code § 919.80(c)(1), (2); *Sigler*, 967 F.3d at 661. If the insurance company pays a cash settlement, and the insured buys or leases a new car within 30 days of the settlement, the insurance company must reimburse the insured for "the applicable sales taxes and transfer and title fees incurred on account of the purchase or lease of the vehicle." 50 Ill. Admin. Code § 919.80(c)(3)(A)(i). But if the insured doesn't confirm that she paid those taxes and fees by submitting "appropriate documentation within 33 days after the receipt of settlement, the company shall not be required to reimburse the insured for the sales taxes or transfer or title fees." *Id*. In other words, reimbursement of applicable sales taxes and title and transfer fees is

mandatory "*only* when the insured purchases or leases a new vehicle within a specified time and substantiates that he has incurred these costs." *Sigler*, 967 F.3d at 661. Otherwise, an insurer "*may*"—but need not—"directly pay the required amounts of sales taxes and transfer and title fees to the insured at the time of settlement." *Id*.

The amended complaint fails to allege that Connors timely submitted documentation substantiating the relevant taxes and fees that she paid. According to the amended complaint, Connors provided the specific amounts of sales taxes and title and transfer fees she paid for the replacement vehicle in a series of August phone calls with a Progressive representative. She told the representative that she was reading from the purchase documents, and the representative told her that Progressive would reimburse the taxes and fees. At no time did the representative tell Connors that she needed to provide anything else.

But merely telling Progressive that she paid these taxes and fees is not enough to give rise to a claim under the Code. The regulation imposes a mandatory obligation on insurers only if an insured submits "appropriate documentation" to substantiate the costs she incurred within 33 days of receiving settlement. *See* 50 Ill. Admin. Code § 919.80(c)(3)(A)(i). Connors must allege that she submitted appropriate documentation to Progressive by September 23, 2018 (*i.e.*, within 33 days after receipt of the August 21 settlement). She has not done so. The amended complaint still does not say when Connors submitted any documentation to Progressive. She alleges that "[i]n response to the first and only request [Connors] received from [Progressive],

6

[Connors] promptly sent a copy of the purchase contract for her replacement vehicle, and a related state sales tax form, to [Progressive] by e-mail." [26] ¶ 74. But the complaint contains no suggestion of when Connors received this request, nor when she emailed the documents to Progressive. What's more, Connors concedes in her response brief that she sent the documentation for the first time "on or about November 6, 2018," well after the 33-day window had lapsed. [31] at 6. Accordingly, Progressive was not obligated to reimburse Connors for the sales taxes and title and transfer fees that she paid for the replacement car, and she can't state a claim for breach of contract under the regulation. *See Sigler*, 967 F.3d at 661–62 (dismissing breach-of-contract claim where plaintiff did not allege that he incurred or substantiated vehicle-replacement costs before the requisite deadline).

I'm not swayed by Connors's arguments to the contrary. She posits that the regulation requires only that costs incurred be "reasonably substantiated but does not specify the means by which an insured must do so." [31] at 7. That's not what the regulation says. The word "reasonable" does not appear in 50 Ill. Admin. Code § 919.80(c)(3)(A)(i). Instead, the Code requires substantiation by submission of appropriate documentation. There's nothing ambiguous about that, especially when Connors admits she did not submit *any* documentation within the 33-day window.

Connors also argues that Progressive did not give her adequate notice of its procedure for reimbursement of taxes and fees. The Code requires insurers to "establish a procedure to provide the insured with, at a minimum, the information

contained in Exhibit A of this Part within 7 days after [the insured vehicle has been determined a total loss]." 50 Ill. Admin. Code § 919.80(c). Exhibit A, in turn, provides:

> If within 30 days of a cash settlement, you can prove that you have purchased another vehicle, the company must pay the applicable sales tax, transfer and title fees in an amount equivalent to the value of the total loss vehicle. If you purchase a vehicle with a market value less than the amount previously settled upon, the company must pay you only the amount of sales tax that you actually incurred and include transfer and title fees. Your insurance company must give you written notice of this procedure.

*Id.* § 919 Exh. A(6). Because Progressive accepted the information Connors provided and failed to comply with the Code's written-notice requirement, Connors argues that Progressive breached the policy and she is entitled to full reimbursement. This argument fails for a couple of reasons. First, Connors bases her argument on facts alleged for the first time in her response brief that do not appear in the amended complaint. *See Pirelli Armstrong Tire Corp. Retiree Med. Benefits Tr. v. Walgreen Co.*, 631 F.3d 436, 448 (7th Cir. 2011) (it is "axiomatic … that a plaintiff may not amend his complaint in his response brief"). Second, even if Progressive failed to provide notice of reimbursement procedures, Connors's has not provided any authority showing that failure to comply with this notice provision vitiates § 919(c)(3)(A)(i)'s timely substantiation requirement.

Finally, Connors contends that because Progressive had actual knowledge of the taxes and fees she paid, requiring her to comply with the Code's documentation requirement elevates form over substance. She cites several Illinois cases from the duty-to-defend context finding that an insured's failure to provide written notice to an insurer does not preclude coverage when the insurer has actual knowledge of an

8

underlying suit. [31] at 9–10. Those cases are inapposite. Here, the terms of the regulation demonstrate that actual knowledge is not enough to trigger mandatory reimbursement of sales taxes and title and transfer fees. The regulation requires timely and documented substantiation. If an insured fails to meet either of those requirements, then reimbursement is permissive and "permissive statutory or regulatory language, by definition, does not command anyone to do anything." *Sigler*, 967 F.3d at 661. And because the regulation plainly does not require reimbursement without documented substantiation, Connors's argument that Progressive breached the implied duty of good faith and fair dealing also fails. *See Cromeens, Holloman, Sibert, Inc v. AB Volvo*, 349 F.3d 376, 395–96 (7th Cir. 2003) ("Illinois law holds that parties to a contract are entitled to enforce the terms to the letter and an implied covenant of good faith cannot overrule or modify the express terms of a contract.").

This is Connors's second bite at the apple, but she now concedes that she did not timely substantiate her payment of sales taxes and title and transfer fees. Further amendment would be futile. Count I is dismissed with prejudice.[4]

---

[4] I reject Connors's other arguments in support of her breach of contract claim for the reasons discussed in the previous opinion. *See* [24] at 4–5. And because plaintiff fails to state a claim, I do not reach Progressive's alternative arguments to strike the class allegations.

## IV. Conclusion

Progressive's motion to dismiss [29] is granted. The amended complaint is dismissed with prejudice. Enter judgment and terminate case.

ENTER:

_____
Manish S. Shah
United States District Judge

Date: October 25, 2021